Nunez v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand twenty one.

Present:        JON O. NEWMAN,
                GUIDO CALABRESI,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.

_____

JAVIER NUNEZ,

        *Plaintiff-Appellant*,

                v.                                                      20-2417

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee*.

_____

Appearing for Appellant:        Javier Nunez, pro se, Brooklyn, N.Y.

Appearing for Appellee:         Allison M. Rovner, Christopher Connolly, Assistant United States Attorneys, of counsel, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Davison, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Javier Nunez, proceeding pro se, appeals the district court's judgment granting summary judgment in favor of the Commissioner of Social Security in his challenge to a denial of Supplemental Security Income ("SSI"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). Judicial review of Social Security Administration's denial of benefits is governed by 42 U.S.C. § 405, which allows federal courts to review "any final decision of the Commissioner . . . after a hearing." 42 U.S.C. §§ 405(g), *accord* 1383(c)(3). There is a four-step procedure for a claimant to obtain a final decision subject to judicial review: (1) the claimant files an application and receives an initial determination, (2) the claimant may request reconsideration by filing a written request, (3) the claimant may challenge the decision on reconsideration by requesting a hearing before an ALJ, and (4) if dissatisfied with the hearing decision, the claimant may request review by the Appeals Council within 60 days of receiving notice of the hearing decision. 20 C.F.R. §§ 404.900(a), 404.968(a). A claimant may obtain an extension of the time to appeal to the Appeals Council by showing good cause. *Id.* § 404.968(b). The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court. 20 C.F.R. § 404.900(a)(5). The requirement that a claim be presented to the agency is jurisdictional; the requirement that the claimant exhaust the administrative remedies prescribed by the agency can be waived by the agency or excused by the court. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773–74 (2019).

The district court properly found that Nunez failed to exhaust his administrative remedies. Nunez alleged that he obtained an Appeals Council decision, but he did not present any evidence to counter the Commissioner's evidence showing that he did not appeal the ALJ's dismissal of his hearing request to the Appeals Council. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (a party opposing summary judgment must "go beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial" (internal quotation marks and alterations omitted)). *Smith v. Berryhill* is not contrary. There, the Supreme Court held that an Appeals Council decision dismissing an appeal as untimely was a "final decision" that federal courts have jurisdiction to review. 139 S. Ct. at 1780. Here, however, Nunez did not request review by the Appeals Council.

A court may excuse a plaintiff's failure to exhaust administrative remedies if "(1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). None of these apply: Nunez's complaint challenged only the denial of benefits; there is no indication that exhaustion would be futile; and Nunez has never argued that he would have been injured if required to complete the exhaustion process.

We have considered the remainder of Nunez's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk